IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIE-PAULE CLEMENCE GUITON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-725-K-BN |
| | § | |
| U.S. CITIZENSHIP AND | § | |
| IMMIGRATION SERVICES, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 1.

On March 6, 2026, Plaintiff Marie-Paule Clemence Guiton, proceeding *pro se*, filed this complaint for declaratory and injunctive relief against seven United States government entities and officials (collectively, "Defendants"). *See* Dkt. No. 1.

Clemence Guiton paid the statutory filing fee and, by doing so, undertook the obligation to (1) properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or (2) obtain a waiver of service from each defendant. *See* FED. R. CIV. P. 4(i) (setting forth procedures for serving the United States and its agencies, corporations, officers, or employees); FED. R. CIV. P. 4(e) (setting forth procedures for serving individuals); *see also* FED. R. CIV. P. 4(d) (procedures for requesting that certain non-governmental defendants waive service);

*but see Moore v. Hosemann*, 591 F.3d 741, 746-47 (5th Cir. 2009) (state official sued in official capacity not subject to "mandatory waiver obligations" of Rule 4(d)).

On March 12, 2026, the Court issued an order informing Clemence Guiton of her obligation to effect service and that, under the Federal Rules of Civil Procedure, her deadline to effect service and to file proof of service in accordance with Federal Rule of Civil Procedure 4(*l*) or an executed waiver of service was June 4, 2026. *See* Dkt. No. 6; FED. R. CIV. P. 4(m)

The Court's mailing of its order regarding service was marked as delivered on the Court's docket. But, on May 27, 2026, the Court's mailing of the copy of its Standing Order Regarding Use of Artificial Intelligence [Dkt. No. 7], Standing Order on Filing Materials Under Seal [Dkt. No. 8], and Order Regarding Court's Expectations for Parties [Dkt. No. 9] was undelivered with the notation "RETURN TO SENDER UNDELIVERABLE AS ADDRESSED UNABLE TO FORWARD." *See* Dkt. No. 10. These orders were mailed to the only address that Clemence Guiton had ever provided to the Court in this case.

Clemence Guiton has filed neither proof of service nor an executed waiver of service as to any defendants, and the June 4, 2026 deadline has passed.

### Legal Standards

Rule 4(m) of the Federal Rules of Civil Procedure governs the time within which a plaintiff must serve a defendant. That Rule provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows

good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Clemence Guiton failed to serve Defendants within 90 days after she filed her complaint, despite the Court's instructions to do so. *See* Dkt No. 1.

And, so, dismissal is warranted for failure to prosecute, and, specifically, because she failed to timely serve Defendants after she was provided notice of the consequences of such failure. *See Veronica B. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-1341-S-BT, 2019 WL 5967847 (N.D. Tex. Oct. 10, 2019); *see also Trejo v. US Senate*, No. 1:23-cv-67-H-BU, 2024 WL 1863392 (N.D. Tex. Apr. 2, 2024) (explaining that failure to serve process alone warrants dismissal).

And dismissal is warranted because of Clemence Guiton's failure to comply

with the Court's order regarding service. *See* Dkt. No. 6. The June 4, 2026 deadline in that order for Clemence Guiton to serve Defendants or show good cause to extend her service deadline has passed. *See id.*

Dismissal is also warranted because Clemence Guiton has failed to comply with the Court's orders by failing to keep the Court informed of her current mailing address. *See* Dkt. No. 2 at 1.

The undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Clemence Guiton decides to comply with the Court's orders, communicate with the Court, and provide the Court with a current mailing address – all of which Clemence Guiton has failed to do.

But the undersigned has no reason to believe that Clemence Guiton's failure to prosecute or comply with court orders is the result of some improper motive. And, so, the Court should dismiss her complaint without prejudice.

## Recommendation

The Court should dismiss Plaintiff Marie-Paule Clemence Guiton's lawsuit without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 8, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE